```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
K.S., through her parent, C.S., on )
behalf of a class of those similarly )
situated,                          )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )    C.A. No. 14-77 S
                                   )
R.I. BOARD OF EDUCATION, by and through )
its chair, EVA-MARIE MANCUSO, in her )
official capacity only; WARWICK    )
SCHOOL COMMITTEE, as a representative )
of a class of Local Educational    )
Agencies similarly situated, by and )
through its chair, BETHANY A. FURTADO, )
in her official capacity only,     )
                                   )
          Defendants.              )
_____)
```

### OPINION AND ORDER

WILLIAM E. SMITH, Chief Judge.

Pending before the Court in the above-captioned matter is a Motion to Dismiss filed by Defendants Rhode Island Board of Education, Eva-Marie Mancuso, the Warwick School Committee and Bethany A. Furtado[1] (collectively, the "Defendants") (ECF No. 11).  For the reasons that follow, the Motion to Dismiss is DENIED.

---

[1] Ms. Mancuso and Ms. Furtado are sued in their official capacities only.

1

I. Background

   A. Facts[2]

Plaintiff K.S. suffers from, among other ailments, Asperger Syndrome, Attention Deficit/Hyperactivity Disorder and severe social anxiety. (Compl. ¶ 9, ECF No. 1.) As required by the federal Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., K.S. receives a free appropriate public education ("FAPE") from the Warwick School Committee, the Local Educational Agency ("LEA") for her region. (Id. at ¶ 2.) Though she is working toward a high school diploma, K.S. was recently notified that her FAPE would be terminated on her 21st birthday. (Id. at ¶ 28.)

C.S. is K.S.'s mother and holds a power of attorney with respect to her education. (Id. at ¶ 9.) On February 10, 2014, C.S. brought this action on behalf of K.S. and simultaneously filed a due process complaint with the Rhode Island Department of Elementary and Secondary Education.[3] (Id. at ¶ 29.)

   B. Regulatory Framework

Under the IDEA, a FAPE "is available to all children with disabilities residing in [a] State between the ages of 3 and 21,

---

[2] The facts are summarized from the Class Action Complaint for Declaratory and Injunctive Relief (cited as "Compl.") (ECF No. 1).

[3] Though this suit is brought as a class action, no class has yet been certified.

2

inclusive." 20 U.S.C. § 1412(a)(1)(A). This provision, read alone, suggests that special education students remain eligible to receive FAPE services under the IDEA until they turn 22. However, the IDEA also provides, in pertinent part, that:

> The obligation to make a [FAPE] available to all children with disabilities does not apply with respect to children . . . aged . . . 18 through 21 in a State to the extent that its application to those children would be inconsistent with State law or practice . . . respecting the provision of public education to children in [that age range].

Id. at § 1412(a)(1)(B)(i).

Rhode Island's Regulations Governing the Education of Children with Disabilities § 300.101 ("Section 300.101") provides that "a [FAPE] must be available to all eligible children residing in the LEA, between the ages of 3 and 21, inclusive (until the child's [21st] birthday or until the child receives a regular high school diploma)." R.I. Admin. Code 21-2-54:B § 300.101. Therefore, under Rhode Island law, FAPE services for special education students terminate on the student's 21st birthday.

States that receive federal funds under the IDEA must "ensure that any State rules, regulations, and policies" conform to the IDEA. 20 U.S.C. § 1407(a)(1). If they do not, a student may file a due process complaint requesting review.[4] During the

---

[4] The individual bringing the due process complaint is required to exhaust certain administrative remedies prior to

3

pendency of the due process proceedings, that student must be allowed to maintain his or her educational placement under the so-called "stay-put provision" of the IDEA. Id. at § 1415(j). In this case, while K.S. did not seek stay-put relief, the Warwick School Committee voluntarily allowed K.S. to maintain her educational placement. (See Defs.' Mem. in Supp. of Mot. to Dismiss 15-16, ECF No. 11-1.)

Plaintiffs allege that Section 300.101 violates the IDEA because it cuts off services for special education students at their 21st birthday, while continuing public education services for general education students between the ages of 21 and 22 in the form of various continuing adult education opportunities. Plaintiffs contend that K.S. is entitled to FAPE services until the age of 22, consistent with Rhode Island's practice of providing services to general education students between the ages of 21 and 22.[5]

The Defendants seek dismissal on grounds that: (1) C.S. lacks standing to bring this suit on K.S.'s behalf; (2) Plaintiffs have not pled the required injury in fact; and (3)

---

seeking judicial relief. See 20 U.S.C. § 1415(l).

[5] Though not immediately relevant, this suit was brought in the wake of a recent Ninth Circuit case, E.R.K. v. State of Hawaii Dep't of Educ., 728 F.3d 982 (9th Cir. 2013), which invalidated a similar practice in Hawaii.

4

Plaintiffs have failed to exhaust mandatory administrative remedies as required under the IDEA.

II. Discussion

    A.   Standing of C.S.

In their papers, the parties disputed whether C.S. has standing to bring this suit on behalf of K.S. At a hearing held on Defendants' Motion to Dismiss, counsel for Plaintiffs indicated a willingness to substitute K.S. as the class representative, and also expressed a desire to amend the Complaint to add another class representative.

"The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). This being the case, and consistent with Counsel's representations, the Court grants Plaintiffs thirty (30) days' leave to file an amended complaint substituting K.S. for C.S. and/or adding a different class representative.

    B.   Injury in Fact

Defendants contend that K.S. has not adequately alleged an injury in fact, pointing out that K.S. did not need to seek stay-put relief under the IDEA because the Warwick School Committee voluntarily extended her FAPE. In order to establish

standing under Article III, a plaintiff must have an "injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted) (internal quotation marks omitted). Although the imminent injury concept is "a somewhat elastic [one], it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes - that the injury is 'certainly impending.'" Id. at 564 n.2 (quoting Whitmore v. Arkansas, 495 U.S. 149, 158 (1990)).

While K.S.'s education was not terminated, her injury is not based on speculation or a "highly attenuated chain of possibilities." Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1148 (2013). Rather, it is based on representations made by Defendants to K.S. when K.S. was informed that her FAPE would be terminated following her 21st birthday.

Moreover, that Defendants had a change of heart after informing K.S. that her FAPE would be terminated is of no consequence. "A defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc., 528 U.S. 167, 169-70 (2000) (citations omitted). Therefore, in this Court's view, K.S. is

in imminent danger of having her education terminated prior to her 22nd birthday and her alleged injury is therefore sufficient.

C. Administrative Exhaustion

Defendants argue that K.S. failed to exhaust mandatory administrative remedies prior to bringing suit. "[T]he doctrine of exhaustion of remedies provides that 'no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" Ezratty v. Puerto Rico, 648 F.2d 770, 774 (1st Cir. 1981) (quoting Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938)). However, the exhaustion requirement "is not to be applied inflexibly" and does have some exceptions. Christopher W. v. Portsmouth Sch. Comm., 877 F.2d 1089, 1094 (1st Cir. 1989) (quoting McGee v. United States, 402 U.S. 479, 483 (1971)). For example, "[e]xhaustion may not be required . . . when the issues raised involve purely legal questions." Pihl v. Massachusetts Dep't of Educ., 9 F.3d 184, 190 (1st Cir. 1993).

This so-called purely legal question exception is applicable when "the issue [is] a pure matter of law as to which specialized administrative understanding plays little role." Ezratty, 648 F.2d at 774. The instant case involves a purely legal question of statutory interpretation concerning whether enforcement of Section 300.101 is a violation of the IDEA.

While this question requires a very modest factual inquiry into the availability of public education programs to general education students over the age of 21, that question itself is "not one of fact within the agency's particular expertise." Doe v. Town of Framingham, 965 F. Supp. 226, 229 (D. Mass. 1997). As Plaintiffs have raised an issue "to which specialized administrative understanding plays little role," Ezratty, 648 F.2d at 774, they have satisfied the purely legal question exception, excusing them from the administrative exhaustion requirement.[6]

III. Conclusion

For these reasons, the Motion to Dismiss is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: August 26, 2014

---

[6] Separately, the parties dispute the applicability of the so-called futility exception to the administrative exhaustion requirement. See Pihl v. Massachusetts Dep't of Educ., 9 F.3d 184, 190-91 (1st Cir. 1993). However, because the Court finds that the purely legal question exception is applicable, it declines to separately address the futility exception.