UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

K.S. and K.L., through her parent, L.L., on : 
behalf of a class of those similarly situated :
                                              :
            v.                                :      C.A. No. 14-077S
                                              :
R.I. BOARD OF EDUCATION, et. al.              :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is the Motion to Dismiss of Defendant Warwick School Committee, by and through its chair, Bethany A. Furtado ("Warwick"). (Document No. 25). Warwick argues that Plaintiff K.S.'s claim that she is legally entitled to a free appropriate public education ("FAPE") until age twenty-two is now moot because Warwick provided her with a FAPE through her twenty-second birthday. Plaintiff K.S. opposes the Motion. (Document No. 28). Warwick did not request a hearing on its Motion and, after reviewing the memoranda submitted, the Court determined that a hearing is not necessary to resolve this Motion. For the following reasons, I recommend that Warwick's Motion to Dismiss (Document No. 25) be GRANTED.

**Background**

In this putative class action,[1] Plaintiffs bring a single claim against Defendants, alleging a violation of the Individuals With Disabilities Education Act ("IDEA"). Plaintiffs specifically assert that Defendants violated 20 U.S.C. §1412(a), which provides that a "free appropriate public

---

[1] On June 11, 2015, Plaintiffs filed their Motion to Certify Class. (Document No. 36). That Motion is pending before Chief Judge Smith.

education" shall be "available to all children with disabilities...between the ages of 3 and 21, inclusive...." 20 U.S.C. § 1412(a). By its plain language, eligibility under the IDEA for special education and related services ends when a student turns twenty-two years of age. States, however, may limit age eligibility for special education students, but only to the extent it is limited for public education generally: "[t]he obligation to make a [FAPE] available to all children with disabilities does not apply with respect to children – (i) aged 3 through 5 and 18 through 21 in a State to the extent that its application to those children would be inconsistent with State law or practice, or the order of any court, respecting the provision of public education to children in those age ranges...." 20 U.S.C. § 1412(a)(1)(B). As discussed more fully below, Plaintiffs contend that they are legally entitled to a FAPE through the age of twenty-two, but that a Rhode Island Board of Education (the "Board") Regulation unlawfully terminates their entitlement to a FAPE upon reaching age twenty-one.

**Facts**

This suit was filed on February 10, 2014. (Document No. 1). K.S. is a disabled individual who turned twenty-one years old on March 28, 2014. (Document No. 15 at ¶ 2). Plaintiffs' Complaint sets forth a legal issue regarding entitlement to a FAPE in Rhode Island between the ages of twenty-one and twenty-two. More specifically, in the Amended Complaint (Document No. 15), filed on September 25, 2014, K.S. acknowledged that she has been provided a FAPE under the IDEA by the Local Educational Agency ("LEA") for her region, Warwick School District, but noted that as of March 28, 2014 (her twenty-first birthday) she would have been denied such an education in the absence of this action because she had reached the age of twenty-one. (Document No. 15 at ¶ 2).

K.S. deemed the termination of her FAPE to be "imminent" pursuant to a regulation promulgated by the Board that she describes as targeting only disabled students. Regulations Governing the Education of Children With Disabilities § 300.101 provides in relevant part that "[a] free appropriate public education must be available to all eligible children residing in the LEA, between the ages of 3 and 21, inclusive (until the child's twenty first birthday or until the child receives a regular high school diploma)...." Although stated as the minimum obligation of the LEA, Plaintiffs allege that, in practice, it is treated as the statewide maximum obligation of the LEAs and purports to impose an absolute age limitation for entitlement to IDEA special education services. According to Plaintiffs, there is no comparable Rhode Island law or regulation that imposes a maximum age limit for entitlement to public education for general education students. (Document No. 15 at ¶ 4).

In her Amended Complaint, K.S. asserts that under the IDEA, she is legally entitled to receive a FAPE until the age of twenty-two. (Document No. 15 at ¶ 5). K.S. also asserts that Warwick's imminent denial of any further education to her "violate[s] the IDEA and Section 300.101 is unenforceable as contrary to federal law." (Document No. 15 at ¶ 6). Plaintiffs allege that the Board's adoption of Section 300.101 violates the IDEA and that this raises a "purely legal" issue. Id. ¶ 10.

At the time of the Amended Complaint, K.S. asserted that "she needs and would meaningfully benefit from continued special education and related services under the IDEA. Because of her disability, she requires a supportive and structured environment to develop her academic and prevocational skills....K.S. was and is working towards earning a conventional Rhode Island high school diploma but was not able to complete the requirements for such a diploma before

she attained the age of twenty-one. She may be able to complete such requirements if she were provided an additional year of FAPE. Obtaining such a diploma would have enormous value for her future career prospects as well as her emotional well-being." (Document No. 15 at ¶¶ 11-12). After this action was filed, Warwick opted to continue providing special education services to K.S. and did so through her twenty-second birthday, on March 28, 2015. Shortly thereafter, Warwick moved to dismiss, arguing that K.S.'s claim as to it, is now moot, since she is twenty-two years old, and she was provided a FAPE through her twenty-second birthday.[2]

**Standard of Review**

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, claiming the case is moot as to K.S. Article III of the United States Constitution limits the power of federal courts to adjudicating live cases or controversies. U.S. Const. art. III, § 2, cl. 1. Accordingly, a federal court lacks subject matter jurisdiction over an action unless it presents an actual pending case or controversy. "No justiciable controversy is presented when the question sought to be adjudicated has been mooted" and "[m]oot cases must be dismissed for lack of jurisdiction." Bond v. Fleet Bank, No. 01-177L, 2002 WL 373475 at * 2 (D.R.I. Feb. 21, 2002).

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(1), "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir, 1996), (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)). However, the burden of proving that subject matter jurisdiction exists is placed on the plaintiff, not the defendant, Aversa, 99 F.3d

---

[2] On February 5, 2015, K.S. requested a special education impartial due process hearing. (Document No. 25-3). That administrative proceeding is pending and, inter alia, challenges the sufficiency of the FAPE provided during the "stay-put" year after she reached age twenty-one, alleges retaliation and seeks compensatory education.

at 1209; "[i]f a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof." Thomson v. Gaskill, 315 U.S. 442 (1942). Under Rule 12(b)(1), the Court is not restricted to the face of the pleadings but may consider extra-pleading materials, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. See Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1236 (1st Cir. 1991). On the other hand, it is Warwick's burden to demonstrate mootness. See Ramirez v. Sanchez Ramos, 438 F.3d 92, 100 (1st Cir. 2006) (noting the challenger's burden to demonstrate "after the case's commencement, intervening events have blotted out the alleged injury and established that the conduct complained of cannot reasonably be expected to recur.").

**Discussion**

Warwick moves to dismiss the claims of K.S. as moot, and points out that the putative class would be unaffected because K.L. remains a potential class representative.[3] Warwick analogizes the present case to that of Sam M. ex. rel. Elliott v. Chafee, 800 F. Supp. 2d 363 (D.R.I. 2011) in which the District Court dismissed as moot the claims of five putative class representatives because the proposed class sought relief for children in DCYF custody, but those five children were adopted prior to class certification and were no longer in DCYF custody. The District Court noted that "the dismissal of the entire proposed class action on the ground of mootness does not arise, as both parties agree that two of the named plaintiffs are still in DCYF custody and that their claims continue to be viable." Id. at 372.

---

[3] K.L. is incompetent and sues through her parent, L.L. K.L. became twenty-one on July 17, 2012 and her FAPE was terminated on that date. (Document No. 15 at ¶ 3). She was a student in the Chariho Regional School District. Id.

Like the Sam M. Court, this Court must look at the relief requested in the Complaint and determine if intervening events have rendered K.S.'s claims moot. In her Amended Class Action Complaint for Declaratory and Injunctive Relief, K.S. succinctly states that she is entitled to "receive a FAPE until the age of 22...[and] would meaningfully benefit from an additional year of special education and related services under the IDEA." (Document No. 15 at ¶ 5). The parties concede that Plaintiff was afforded IDEA special education services through her twenty-second birthday, the precise relief she seeks. Moreover, the Court is mindful that Plaintiffs have repeatedly represented to this Court that they seek relief on a "purely legal issue of statutory interpretation." (See Document No. 13-1 at p. 2; Amended Complaint, Document No. 15 at ¶ 10). Although it is undisputable that K.S. no longer has a live controversy, she sets forth several arguments against dismissal of her claims. The Court will consider the parties' competing arguments below.

### A. The Pending Due Process Proceeding

Warwick's Motion succinctly argues that K.S.'s claim became moot when she turned twenty-two years old because she received a FAPE between the ages of twenty-one and twenty-two as she demanded. The parties dispute the import of a variety of legal and factual issues. The first issue is the significance of K.S.'s pending due process proceeding and its impact on the claim she seeks to pursue in this case. K.S. asserts that her claim in this Court is not moot because she has a stake in the outcome of the present litigation because her due process proceeding challenges the sufficiency of the FAPE she was actually afforded during her "stay-put" year. She claims that her "pending due process complaint (other than the part that alleges retaliation) may be found to be premised on her legal entitlement to a FAPE after she turned 21, which is the controversy at issue in this case." (Document No. 28 at p. 8). K.S.'s argument is without merit, since the issue before this Court has

consistently been defined by Plaintiffs as a "purely legal" issue of entitlement to special education services. Further, K.S. has maintained that the matters alleged in the due process proceeding are not part of the present case. Indeed, it has been K.S.'s contention to both this Court and the due process hearing officer that "[the] due process proceeding arises from distinct facts as compared to the IDEA class action." (Document No. 25-3 at p. 4). She makes clear that this case does not involve any facts specific to her or the adequacy of the FAPE she has received. Id. The fact that the same parties are embroiled in litigation in another forum, concerning issues that have not been raised in this forum, does not have any bearing on whether a live controversy exists in this Court.

K.S. also points out that she has made a claim for compensatory education in the due process proceeding. K.S. argues that her claim for compensatory education "avoids mootness even if a special education student has otherwise aged out of IDEA eligibility." (Document No. 28 at p. 9). K.S. relies upon the First Circuit decision in Maine Sch. Admin. Dist. No. 35 v. Mr. and Mrs. R., 321 F.3d 9, 17-18 (1st Cir. 2003). However, Mr. and Mrs. R involves a complicated factual scenario and procedural history completely distinct from the present case. In particular, the claim for compensatory education in that case was brought in the first instance in federal court after the conclusion of administrative proceedings. While the Court of Appeals did hold that "[t]he presence of an actionable claim for compensatory education will insulate an IDEA case against a mootness challenge even after the child's eligibility for special education services ends," that holding is inapplicable in the current factual context. First, as noted, K.S. is raising a purely legal issue in this Court, and her administrative IDEA case is currently pending before a hearing officer. Second, there has never been a claim for compensatory education raised in this Court, precisely because Plaintiffs sought to limit this case to the pure legal issue of entitlement to a FAPE in Rhode Island between

the ages of twenty-one and twenty-two. Thus, the claims brought in the due process proceeding particular to K.S. have no bearing on the present matter. This Court is confined to review the viability of the claims raised before it, not to consider what is pending in another forum.

### B. Relation Back of this Action

Finally, K.S. asserts that her claim is not moot because she is acting on behalf of a class. K.S. argues that, even if this Court does find her individual claim to be moot, it should not dismiss her as a class representative, because she represents a class of individuals who continue to have a cognizable claim. In support of her argument, K.S. cites Sosna v. Iowa, 419 U.S. 393 (1975). In Sosna, the Supreme Court noted that when the District Court certifies a class, "the class of unnamed persons described in the certification acquired a legal status separate from the interest asserted by appellant." Id. at 399. The Court reasoned that the certification of the class "significantly affects the mootness determination." Id. The Court ultimately concluded that "[a]lthough the controversy is no longer alive as to [Plaintiff], it remains very much alive for the class of persons she has been certified to represent." Id. at 401. The Court went on to state that "[a] litigant must be a member of the class which he or she seeks to represent at the time the class action is certified by the district court." Id. at 403. Plaintiff, however, argues that Sosna left open the question of the "timing" of class certification and argues that it can "relate back" to the filing of the Complaint. This argument is not supported by any case law in this Circuit. Both the clear holding in Sosna and the First Circuit Court of Appeals' subsequent decision in Cruz v. Farquharson, 252 F.3d 530 (2001) instruct that K.S.'s claims be dismissed as moot.

Cruz concerned a putative class action wherein the plaintiffs' claims had become moot by the time the motion for class certification was filed. The Court of Appeals stated that "despite the

fact that a case is brought as a putative class action, it ordinarily must be dismissed as moot if no decision on class certification has occurred by the time that the individual claims of all named plaintiffs [has] been fully resolved." Id. at 533. In the present case, like Sam M., the Court need not dismiss the entire putative class action because there remains an active plaintiff, K.L., who seeks to represent the class and is not subject to the same mootness defense. K.S.'s narrow legal claim in this Court, however, has been extinguished by virtue of Warwick providing her special education services through age twenty-two. Accordingly, K.S.'s claim is moot, and I recommend that the District Court dismiss her claim in this matter and dismiss Warwick as a party defendant.

**Conclusion**

Based on the foregoing, I conclude that Plaintiff K.S.'s claims before this Court are now moot. Thus, I recommend that Warwick's Motion to Dismiss (Document No. 25) be GRANTED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 30, 2015