UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
                               )
K.S. and K.L., through her parent )
L.L., on behalf of a class of  )
those similarly situated,      )
                               )
         Plaintiffs,           )
                               )
    v.                         )   C.A. No. 14-77 S
                               )
R.I. BOARD OF EDUCATION, et al., )
                               )
         Defendants.           )
_____)
```

### ORDER

WILLIAM E. SMITH, Chief Judge.

    On June 30, 2015, United States Magistrate Judge Lincoln D. Almond issued a Report and Recommendation ("R&R") in the above-captioned matter (ECF No. 37) recommending that Defendant Warwick School Committee's ("Warwick") Motion to Dismiss the Claims of K.S. for Mootness ("Def.'s Mot.") (ECF No. 25) be GRANTED. Plaintiff K.S. filed an objection to the R&R ("Pl.'s Obj.") (ECF No. 39), and Warwick filed a response ("Def.'s Resp.") (ECF No. 43). Because this Court agrees with Magistrate Judge Almond's analysis, it hereby accepts, pursuant to 28 U.S.C. § 636(b)(1), the R&R. The relevant facts, procedural background, and analysis are fully set forth in the R&R. The Court limits its discussion

to and presents only those facts pertinent to Plaintiff's objections.

Warwick's Motion to Dismiss argues that Plaintiff K.S.'s claim that she is legally entitled to a free appropriate public education ("FAPE") until age twenty-two is now moot, as Warwick provided her with a FAPE through her twenty-second birthday. Magistrate Judge Almond agreed that "K.S.'s narrow legal claim in this Court . . . has been extinguished by virtue of Warwick providing her special education services through age twenty-two." (R&R 9, ECF No. 37.)  In her objection, K.S. argues that her claims are not moot because her pending administrative due process proceedings and claims for compensatory education _may_ depend on the outcome of this case. (Pl.'s Obj. 9-13, ECF No. 39.)  She further argues that the putative class action status of this action "relates back" to the filing of the complaint. (_Id._ at 13-17.) The Court finds that the R&R correctly rejected both of these arguments.

Regarding K.S.'s first argument, this Court agrees with Magistrate Judge Almond that "[t]his Court is confined to review the viability of the claims raised before it, not to consider what is pending in another forum." (R&R 8, ECF No. 37.)  Particularly where K.S. merely alleges that "the pending due process proceedings . . . _may_ be deemed to be premised on K.S.'s legal entitlement to

2

a FAPE after she turned 21" (Pl.'s Obj. 10-11, ECF No. 39 (emphasis added)), she cannot use her other proceedings to escape mootness in this case.

In support of her claim that the putative class action status of this action "relates back" to the filing of the Complaint, K.S. argues that "[t]he claim asserted by K.S. here for violation of the IDEA's age eligibility rule is . . . 'inherently transitory'" because "[a]bsent a claim for compensatory education, a putative class representative's claim would according to Warwick be moot once he or she turns 22." (Id. at 14-15.)  This argument fails for two reasons.  First, as Magistrate Judge Almond noted, "there remains an active plaintiff, K.L., who seeks to represent the class and is not subject to the same mootness defense."  (R&R 9, ECF No. 37.)  Second, "Warwick is not claiming that K.S.'s claim is moot solely because she turned twenty-two. . . . K.S.'s claim is moot because, in addition to turning twenty-two, Warwick did not refuse to afford her a free appropriate public education while she was twenty-one."  (Def.'s Resp. 11, ECF No. 43.)  A twenty-two year old who had not received a FAPE at twenty-one would still have a live claim.  Thus, this is not, as K.S. claims, a case where "a court is unlikely to have sufficient time to rule on class certification before the putative class representative's individual claim becomes moot." (Pl.'s Obj. 14-15, ECF No. 39.)

3

Accordingly, this Court concurs with Magistrate Judge Almond that Plaintiff's "relation back" argument should be rejected.

For these reasons, the R&R is ADOPTED, and Warwick's Motion to Dismiss the Claims of K.S. for Mootness is GRANTED.

IT IS SO ORDERED.

/s/ WESmith

William E. Smith
Chief Judge
Date:   November 30, 2015