UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                   )
K.S. and K.L., through her parent  )
L.L., on behalf of a class of      )
those similarly situated,          )
                                   )
        Plaintiffs,                )
                                   )
    v.                             )   C.A. No. 14-77 S
                                   )
R.I. BOARD OF EDUCATION, ET AL.,   )
                                   )
        Defendants.                )
_____)
```

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Plaintiffs' Motion for Class Certification ("Plaintiffs' Motion"). (ECF No. 36.) None of the defendants objected to Plaintiffs' Motion with respect to certification of the statewide putative class. Accordingly, the Court GRANTS this portion of Plaintiffs' Motion without objection. Defendant Chariho Regional School Committee ("Chariho") filed an Objection pertaining only to the Chariho Subclass (ECF No. 48), and Plaintiffs filed a Reply (ECF No. 49). For the reasons that follow, the Court DENIES Plaintiffs' Motion with respect to the Chariho Subclass.

This putative class action concerns the right to a free and appropriate public education ("FAPE") under the Individuals With Disabilities Act ("IDEA"), 20 U.S.C. § 1400, et seq., between the

ages of 21 and 22.  Plaintiffs seek to certify a statewide class defined as follows:

> All individuals who were over 21 and under 22 within two years before the filing of this action or will turn 21 during the pendency of this action who are provided or were provided a FAPE under the IDEA by any [Local Education Agency] in the State of Rhode Island and who, but for turning 21, would otherwise qualify or would have qualified for a FAPE until age 22 because they have not or had not yet earned a regular high school diploma ("the Class").

(Pls.' Mot. 5, ECF No. 36.)  Plaintiff K.L., through L.L., also seeks certification of the following subclass:

> All individuals who were over 21 and under 22 within two years before the filing of this action or will turn 21 during the pendency of this action who are provided or were provided a FAPE under the IDEA by Chariho and who, but for turning 21, would otherwise qualify or would have qualified for a FAPE until age 22 because they have not or had not yet earned a regular high school diploma ("the Chariho Subclass").

(Id. at 6.)[1]

"Subclassing under Fed. R. Civ. P. 23(c)(4) is appropriate only when the court believes it will materially improve the litigation."  Clark Equip. Co. v. Int'l Union, Allied Indus. Workers of Am., AFL-CIO, 803 F.2d 878, 880 (6th Cir. 1986).  "In the absence of conflicts between members of the [] Class, subclasses are neither necessary, useful, nor appropriate."  In

---

[1] Plaintiff K.S. also sought to certify a subclass of students in Warwick (Pls.' Mot. 5-6, ECF No. 36); however, K.S., has since been dismissed from the case, and therefore this claim is moot. (See Order, Nov. 30, 2015, ECF No. 46.)

re: Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico, on Apr. 20, 2010, 910 F. Supp. 2d 891, 918 (E.D. La. 2012), aff'd sub nom. In re Deepwater Horizon, 739 F.3d 790 (5th Cir. 2014). District courts have "considerable discretion in utilizing subclasses." In re: Cendant Corp. Sec. Litig., 404 F.3d 173, 202 (3d Cir. 2005).

Chariho objects to certification of the Chariho Subclass because "K.L. has not sustained her burden of explaining why a Chariho subclass is necessary" as "[e]very member of the putative Chariho subclass is a member of the putative statewide class." (Chariho's Obj. 1, ECF No. 48-1.) The Court agrees. Plaintiffs do not identify any conflict among the class members; instead, they claim the subclass will supposedly better facilitate compliance if they prevail in the underlying action. (See Pls.' Reply 2, ECF No. 49 ("If a subclass were certified against Chariho, this Court would have jurisdiction to directly ensure that Chariho complies with the Court's decision.").) Plaintiffs do not, however, cite any authority in support of the proposition that a subclass can be certified solely for purposes of enforcement.[2] The

---

[2] Nor is it clear that the subclass would actually facilitate enforcement as Plaintiffs claim. Chariho notes that the Rhode Island Department of Education "exercises all powers as a matter of both federal and state law when it comes to compliance with the IDEA, and Chariho controls nothing." (Chariho's Obj. 9, ECF No. ECF No. 48-1.) Indeed, Plaintiffs concede that "the Board does have various mechanisms available to ensure that [local education

Court concurs with Chariho that certifying the Chariho Subclass would serve no purpose, and would unnecessarily complicate the litigation.[3]

For these reasons, Plaintiffs' Motion is hereby GRANTED IN PART and DENIED IN PART.  Specifically, Plaintiffs' Motion to certify the Class is GRANTED and their request to certify the Chariho Subclass is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date: March 17, 2016

---

agencies] such as Chariho implement any order or decision this Court may issue if Plaintiffs prevail in this action"; however, they speculate that "such mechanisms are indirect and may be time-consuming to fully implement."  (Pls.' Reply 2, ECF No. 49.)

[3] Accordingly, the Court need not reach Chariho's argument that the subclass fails to meet the numerosity requirement.